UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MASSACHUSETTS

| | | |
|---|---|---|
| David Alcaraz Jimenez, | § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action 1:24-cv-13066 |
| United States of America, | § § | |
| Defendant | § § | |

## COMPLAINT

Plaintiff David Alcaraz Jimenez, by and through counsel, for his Complaint against the United States of America, hereby states and alleges as follows:

### PARTIES

1. Plaintiff, DAVID ALCARAZ JIMENEZ, is an individual residing at 221 Oakwood Avenue, Revere, Massachusetts

2. Defendant, UNITED STATES OF AMERICA, may be served pursuant to the Federal Rules of Civil Procedure by serving a copy of the summons and complaint on The Honorable Joshua S. Levy, Acting United States Attorney, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210 and by sending a copy of the summons and complaint by certified mail to The Honorable Merrick Garland, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C 20530. The United States Postal Service is a government agency of the United States of America.

## JURISDICTION AND VENUE

3. Jurisdiction is pursuant to 28 U.S.C. §1346(b) and the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. Venue is proper in this court because the Plaintiff resides within the boundaries of the District of Massachusetts and because the acts and omissions at issue occurred within the District of Massachusetts.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff presented his claim, via certified mail, in a Presentment and Demand Letter for Settlement Purposes, to the United States Postal Service, Attn: MA/RI District Tort Claims Coordinator, on or about July 26, 2023 who, in turn, sent an acknowledgment letter dated August 26, 2023. The Presentment Letter was complete and contained the required information pursuant to the Federal Tort Claims Act, along with a demand of $1,000,000.00.

5. On January 8, 2024, the United States Postal Service, (herein "USPS") Tort Claims Examiner/Adjudicator (herein "TCE/A") sent correspondence indicating the claim was presented on July 31, 2023 and requested additional documentation. On January 19, 2024 and January 23, 2024, the documentation requested was provided.

6. Email correspondence from the TCE/A on January 23, 2024 indicated the TCE/A had not had an opportunity to review the Plaintiff's claim yet and expected to complete the review in March or April. Multiple follow up voicemails were left for the TCE/A and a follow-up email was sent to the TCE/A on April 10, 2024 suggesting multiple days and times to discuss this case. The TCE/A responded via email that the TCE/A still had not had an opportunity to review the Plaintiff's claim and anticipated it would be reviewed that month. Having not heard from the TCE/A in April, a voicemail was left for the TCE/A on May 7, 2024 and a follow-

up email was sent on May 10, 2024 which requested that the TCE/A contact the undersigned counsel regarding resolving this matter. The TCE/A sent a response email requesting color photographs and documentation from the Plaintiff's employer for the TCE/A to review. The color photographs were emailed on May 10, 2024 and the Plaintiff's employer's documentation was emailed on May 11, 2024. Several additional voicemails were left for the TCE/A and the last email to the TCE/A was sent on Monday June 10, 2024 outlining the history of communications and requesting the TCE/A speak with undersigned counsel any day that week between 8 AM and 4 PM. No response, via email or phone, was received from the TCE/A.

7. On June 24, 2024, correspondence from the TCE/A for the USPS was delivered via certified mail. It stated, "As to the incident at issue, an investigation of this matter failed to establish a negligent act and or omission on the part of the U.S. Postal Service or its employees. While we regret any injury that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied."

8. Since the claim has been denied, the TCE/A for the USPS wrote that suit may be filed pursuant to 28 U.S.C. § 2401 and 39 C.F.R. § 912.9 in a United States District Court no later than six (6) months after the date of the mailing of the denial, which was June 17, 2024 and the United States of America is the only proper defendant.

## FACTS

9. On September 10, 2021 David Alcaraz Jimenez was working as an equipment operator for G.V.W., Inc., at 99 Bishop Allen Drive, Cambridge, MA. The Cambridge Redevelopment Authority was running the 99 Bishop Allen Drive Renovation Project.

3

10. Temporary fencing was placed along the worksite boundaries at 99 Bishop Allen Drive. There was an approximately 6 ½ foot high temporary fence placed along the worksite property between 20 Essex Street and 99 Bishop Allen Drive. When the front gate to the 99 Bishop Allen Drive worksite was opened in the morning, the front driveway gate panel (approximately 6 feet high by 10 feet long) was always placed against the fencing along the worksite property boundary of 99 Bishop Allen Drive which abuts 20-22 Essex Street. This placement of the fence leaning against the boundary fence had been occurring every work day for months before the incident.

11. There are two gates on the front yard fence of 20-22 Essex Street for access to and from the Essex Street sidewalk. The USPS employee delivered to 20 Essex Street, a Priority Mail 2-Day package addressed to Sabrina Larkin of 20 Essex Street, Cambridge, MA at approximately 10:30 AM on September 10, 2021. The USPS employee was in the course and scope of his employment with the USPS at the time of the accident. The USPS is a government agency of the United States of America.

12. Instead of leaving through a front gate of the front yard fence of 20-22 Essex Street, the heavyset USPS employee negligently pushed the 6 ½ foot high temporary fence, with the other piece of fencing leaning against it, so he could create a large space to walk through between the front yard fence at 20-22 Essex Street and the temporary fence located on the worksite property located at 99 Bishop Allen Drive.

13. Unfortunately, in doing so, the United States Postal Service employee caused a fence piece (about 6 ½ by 10 feet) that was leaning against the temporary fence he pushed to fall over and strike David Alcaraz Jimenez in the leg. This negligent act caused a substantial gouging, peeling, degloving laceration to his right leg.



14.     Witnesses observed and heard the incident and its aftermath. The heavyset postal employee was observed pushing the temporary fence and causing the other fence segment to fall and strike David Alcaraz Jimenez. Other workers rushed to the Plaintiff's assistance, but the postal employee did not even come over to offer assistance. The postal employee was asked, "Why did you push the fence?" and the postal employee made a hand gesture and left the scene.

15.     The postal employee did not report the incident to his supervisors at the United States Postal Service, Cambridge, MA and no reports, incident reports, statements, documents or photographs have been produced by United States Postal Service, though requested.

16.     The facts of the accident are straightforward and not in dispute. David Alcaraz Jimenez

was simply walking on the jobsite at the time of the incident and did nothing wrong. Unfortunately, the negligence of the United States Postal Service employee caused the fence to fall over and severely injure the Plaintiff.

17. Following the accident, David Alcaraz Jimenez was transported to Mass General Hospital. As a result of his injuries, David Alcaraz Jimenez suffered serious permanent injuries. He has lost time from work and has incurred further significant damages.

## FEDERAL TORTS CLAIM ACT
## NEGLIGENCE

18. Plaintiff incorporates by reference the allegations contained in paragraphs *1 - 17*.

19. As alleged above in detail, the United States Postal Service employee was acting within the course and scope of his employment with the United States Postal Service, a government agency of the United States of America, at the time of the negligent act.

20. The United States of America is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the scope of their office or employment, under the circumstance where the Defendant, if a private person, would be liable to the plaintiff, pursuant to the FTCA.

21. The United States of America, through the actions of the USPS employee, was negligent or grossly negligent in pushing the temporary fence causing a piece of fence that was leaning on it to fall and strike David Alcaraz Jimenez causing injury.

22. The United States of America is responsible for the damages suffered by the Plaintiff, pursuant to the Federal Tort Claims Act. As a result of the above alleged acts,

Plaintiff David Alcaraz Jimenez has suffered both past and future damages in the form of: reasonable and necessary medical expenses, loss of wages and benefits, wage-earning capacity, physical pain and suffering, mental anguish and emotional pain and suffering, physical impairment, disfigurement, loss of enjoyment of life, and other nonpecuniary losses.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands that upon final hearing thereof, that the Plaintiff have and recover judgment against the United States of America in a sum in excess of One Million Dollars ($1,000,000.00), or for the full amount of damages allowed by law, post judgment interest, costs of court and all other relief, both general and special, at law and in equity, to which Plaintiffs may justly be entitled.

Respectfully submitted,

The Plaintiff,
David Alcaraz Jimenez
By his attorney,

/s/ Robert J. Doonan

Robert J. Doonan, BBO # 542271
350 Lincoln Street – Suite 2400
Hingham, MA 02043
Tel: (781) 247-5678
Fax: (781) 300-7811
Email: DoonanLaw@gmail.com

Dated: December 11, 2024

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Alcaraz Jimenez

**(b)** County of Residence of First Listed Plaintiff: Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Doonan Law, Robert J. Doonan, Esq., 350 Lincoln St., Suite 2400, Hingham, MA 02043   781-247-5678

### DEFENDANTS
United States of America

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | [x] 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC s. 2671 et seq Federal Torts Claim Act
Brief description of cause:
A United States Postal Service employee negligently caused a section of fence to fall over, striking the Plaintiff causing injury.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/11/24
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert J. Doonan, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) David Alcaraz Jimenez v. United States of America

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.
   - [✓] III. 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [✓]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Robert J. Doonan, Esq.
ADDRESS 350 Lincoln Street, Suite 2400, Hingham, MA 02043
TELEPHONE NO. 781-247-5678

(CategoryForm11-2020.wpd)